**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRIS G. ALEVRAS,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH TACOPINA, TAMA BETH KUDMAN, JOSEPH BENFANTE, Individually, Jointly, and Severally<br><br>Defendants. | : | **AMENDED OPINION**<br><br>Civ. No. 03-3780 (WHW) |

**Walls, District Judge**

Defendants move to dismiss the complaint for failure to state a cause of action. They also seek costs, expenses and attorneys' fees, as well as an injunction. The Court heard oral arguments on Defendants' motion on December 8, 2004. Defendants' motion is denied.

**Factual Background and Procedural History**

This action arises out of plaintiff Chris Alevras'("Plaintiff" or "Alevras") dissatisfaction with the legal representation provided to him by defendants Joseph Tacopina ("Tacopina"), Tama Beth Kudman ("Kudman"), and Joseph Benfante ("Benfante") (collectively, "Defendants") during Plaintiff's 1997 prosecution for fraud and firearm possession. On March 14, 1997, Plaintiff pled guilty before Judge Greenaway to one count of bank fraud and one count of submission of a false claim to the United States, out of a 38 count indictment. Plaintiff also plead guilty to an information charging unlawful possession of a firearm by a convicted felon.

Plaintiff was initially released on bail, but was remanded to custody after he failed to

appear for a scheduled status conference on July 1, 1997. At Plaintiff's plea, sentencing and bail-revocation hearing, Judge Greenaway found that Plaintiff had misrepresented his financial status to the court in order to obtain a CJA attorney, and failed to pay his CJA attorney, which was a condition for retaining new counsel. Plaintiff was also briefly represented by Stanley Silverman, the attorney who has provided Plaintiff's Affidavit of Merit in this civil case. After Plaintiff's CJA attorney and Mr. Silverman were replaced, Defendant Tacopina was the sole attorney representing Plaintiff in his criminal case. Defendants Kudman and Benfante assisted Tacopina, but were not attorneys of record for Plaintiff.

After Plaintiff's guilty plea was entered, he filed a number of civil lawsuits against, among others, the Assistant United States Attorney who prosecuted his case, United States Attorney General John Ashcroft and Judge Greenaway's courtroom clerk. In addition, Plaintiff brought a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. Judge Greenaway denied Plaintiff's § 2255 motion on the grounds that he had entered into his plea agreement voluntarily and that he received effective assistance of counsel. Plaintiff appealed the denial to the Third Circuit, which directed Judge Greenaway to hold a hearing on two issues: (1) whether Plaintiff made a timely request of his counsel to file a notice of appeal; and (2) whether Tacopina told Plaintiff that the District Court would remand him immediately and give him a five-point upward enhancement if he refused the plea agreement, but would sentence him to the bottom of the guideline range if he accepted it.

At the hearing, Judge Greenaway found that the evidence established that Plaintiff had asked Tacopina not to file a notice of appeal on his behalf, and that neither the court nor

Tacopina had suggested to Plaintiff that his acceptance of the plea agreement would influence the length of his sentence. Judge Greenaway denied Plaintiff's § 2255 petition a second time. The civil suit now before this Court is based on the same allegations regarding the services provided to Plaintiff by Defendants.

Plaintiff's current suit was removed to this Court from the Superior Court of Union County on August 8, 2003. On September 28, 2003, Plaintiff served Defendants with an affidavit of Stanley Silverman, who declared that, "based solely on the facts as alleged and stated in the complaint," there exists a reasonable probability that Plaintiff's claims are meritorious. On October 7, 2003, Defendants informed Plaintiff and the Court that it intended to file a motion to dismiss the complaint on the grounds that Mr. Silverman's affidavit did not substantially comply with New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-29. Presumably as a result of Defendants' letter, Plaintiff served a second affidavit of merit, also of Stanley Silverman, on October 9, 2003, two days after the 60-day period in which Plaintiff was required to serve the affidavit expired. Plaintiff's cover letter stated that the September 2003 affidavit was transmitted in error and should be withdrawn.

Although Silverman's substitute affidavit was filed after the original affidavit, it was dated January 15, 2002, almost a year and a half earlier, and bore the Union County Superior Court caption that was used before the case was removed to this Court. The 2002 affidavit was significantly more detailed and included a statement that Mr. Silverman's opinion was based on review of multiple sources of documentary evidence, as well as interviews with Plaintiff and his girlfriend.

**NOT FOR PUBLICATION**

On October 28, 2003, Defendants filed the present motion. Specifically, Defendants argue that Mr. Silverman is not an "appropriate licensed person" as required by the statute because he does not possess sufficient experience in the area of criminal law, has a disqualifying personal relationship with Plaintiff, and a financial interest in the outcome of the case. In addition, Defendants argue that the 2002 affidavit should not be considered because it was not timely filed, and that 2003 affidavit, which is based "solely on the facts as alleged and stated in the complaint" is insufficient because it does not state the reasons for Mr Silverman's opinions and only attests to the sufficiency of Plaintiff's pleadings.

Plaintiff's opposition brief also contains a cross-motion to strike Tacopina's declaration and a motion to enlarge the period to file his affidavit of merit.

**Legal Standard**

The Affidavit of Merit statute provides that "[i]f the plaintiff fails to provide an affidavit or a statement in lieu thereof ... it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29; Cornblatt v. Barrow, 153 N.J. 218, 244 (1998). "A dismissal under the statute based on a violation of the affidavit requirement would be without prejudice only if there are extraordinary circumstances. Absent extraordinary circumstances, a failure to comply with the statute that requires a dismissal would be with prejudice." Cornblatt, 153 N.J. at 246-47 (holding that a "dismissal under the Affidavit of Merit [statute] involves a failure to comply with the statute that plaintiff cannot cure merely by amending the complaint."); Kindig v. Gooberman, 149 F.Supp.2d 159, 163 (D.N.J. 2001). Federal courts sitting in diversity must apply New Jersey's affidavit of merit statute. See Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir.

**NOT FOR PUBLICATION**

2000). A court will consider the New Jersey legislature's purpose for enacting such a statute, as well as how the New Jersey courts have interpreted and applied the statute.

**Discussion**

Defendants move to dismiss the complaint pursuant to New Jersey's Affidavit of Merit statute (the "AOM Statute"), N.J. Stat.Ann. § 2A:53A-27, which requires that in any action for:

> damages for personal injury, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case ... If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action.

N.J.Stat.Ann. §§ 2A:53A-27, 29. Before it addresses the sufficiency of Mr. Silverman's affidavit, the Court must address whether the Affidavit of Merit statute applies in this case.

**A. Application of the AOM Statute to Out-of-State Attorneys**

Plaintiff argues that he is not required to submit an affidavit of merit in this case because Defendants are not members of the New Jersey state bar, and not licensed New Jersey attorneys subject to regulation by New Jersey law. In support of his argument, Plaintiff cites RTC

**NOT FOR PUBLICATION**

Mortgage Trust 1994 N-1 v. Fidelity Nat'l Title Ins. Co., 981 F.Supp. 334, 350 (D.N.J. 1997), which held that the AOM statute was not applicable to attorneys who were not admitted *pro hoc vice* and were practicing law in New Jersey without a license, in violation of New Jersey Court Rules. In this case, each of the Defendants is admitted *pro hoc vice* (Defendant Kudman is a member of the New Jersey bar) and is therefore "eligible" to practice law in New Jersey within the meaning of the AOM statute. The AOM statute is applicable to Defendants in this case.

**B. Application of AOM Statute to Plaintiffs Claims**

Plaintiff also argues that an affidavit of merit is not required in this case because his claims are based on Defendants' alleged negligence, fraudulent misrepresentations and breach of contractual duties, and are not claims for professional malpractice. Specifically, Plaintiff argues that Defendant Tacopina was negligent when he delegated certain tasks, such as legal research, to a junior attorney and when, unable to contact Plaintiff, he failed to file an appeal that he believed would be fruitless. Plaintiff further argues that Defendants were negligent when they failed to notify him of occurrences in his case after Defendants ceased to represent Plaintiff.

The New Jersey Supreme Court has held that not every suit against a licensed professional acting in his professional capacity is subject to the AOM statute. See Couri v. Gardner, 173 N.J. 328 (2002). The Couri court held that when determining whether the statute applies to a claim against a licensed person, "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry." Id. at 1141. If the "underlying factual allegations of the claim require proof of a deviation from the professional standard of care" an affidavit of merit is required for that claim. Id. An affidavit of merit is not required in cases where a

plaintiff has alleged negligence *per se* or in cases where the "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." Id.; see also Hubbard v. Reed, 168 N.J. 387, 396 (2001) (find that "pulling the wrong tooth" is negligence as a matter of common knowledge.)

In legal malpractice cases, expert testimony is generally required "to establish the degree of reasonable knowledge and skill that lawyers of ordinary ability and skill possess and exercise." Aldrich v. Hawrylo, 281 N.J. Super. 201, 214 (App. Div. 1995). Although Plaintiff claims that he will not rely on expert testimony to prove his allegations, he also argues that Defendants' negligence stems from their failure to "do all necessary legal work to properly represent" him, and their failure to "provide conscientious, competent and diligent services . . . ." Pl's Opp. Br. at 12. This Court finds that Plaintiff's claims are essentially claims for legal malpractice, and that expert testimony would be required for a lay person to determine if Defendants' actions fall outside acceptable professional standards. Issues of when delegation of tasks to a junior attorney is appropriate and what amount of legal research is required must be evaluated in the context of generally accepted standards of professional conduct. A lay person cannot be expected to understand such standards without the aid of expert testimony. The Court finds that Plaintiff was required to provide an affidavit of merit in this action.

### C. Adequacy of the Silverman Affidavit

Defendants urge the Court to disregard Silverman's 2002 affidavit because it was filed two days after the 60-day period in which an affidavit of merit must be served. The Court finds

**NOT FOR PUBLICATION**

Plaintiff's failure to comply with the 60-day limit to be a *de minimus* violation, especially in light of the fact that Plaintiff appears in this action *pro se*. Because Plaintiff's 2003 affidavit was timely filed, the Court will accept his 2002 affidavit as an amended affidavit of merit. Plaintiff's motion to enlarge time to file an affidavit is therefore moot.

Defendants also contend that Mr. Silverman does not possess sufficient expertise in the area of criminal appellate law to attest the merit of Plaintiff's claims. Mr. Silverman has been a member of the New Jersey bar since 1951. His affidavit states that he has been qualified as an expert witness in the area of criminal law, as well as in contract, negligence and tort law. Mr. Silverman declares that over his 50 years as a practicing attorney, at least five years have been dedicated to the areas of contract, negligence and malpractice involving licensed professionals, including attorneys, as well as federal and state criminal defense. Given the length of Mr. Silverman's practice and his representations of his experience in the criminal and malpractice fields, the Court finds that he has sufficient expertise to provide an affidavit of merit in this case.

Defendants also suggest that the 2002 affidavit was fraudulently obtained because it bears an incorrect caption and "to the untrained eye, the purported signatures of Mr. Silverman on the respective affidavits of merit appear to be different and either are poor attempts at repeated forgeries or were made by two different persons." Tacopina Dec. at ¶ 28. Defendants' argument does not convince the Court that the 2002 affidavit is illegitimate. To the Court's untrained, yet not entirely inexperienced eye, the signatures on the two affidavits appear substantially similar, and Plaintiff's failure to update the caption does not suggest a forgery. The Court notes that Mr. Silverman's signature on letters submitted to Judge Greenaway during Plaintiff's criminal trial

appears quite different from the signatures on the affidavits of merit, but without more, will not assume that Mr. Silverman's signature on the affidavit is a forgery.

Defendants argue that Mr. Silverman has a disqualifying relationship with Plaintiff because Mr. Silverman briefly represented Plaintiff in his criminal case and was a potential fact witness in that case; because Plaintiff was once employed by Mr. Silverman; and because plaintiff allegedly lived with Mr. Silverman and operated a business out of his office space. In addition, Defendants speculate that Mr. Silverman may have a financial interest in the case. The AOM Statute does not address whether a personal or professional relationship with a plaintiff would disqualify a person from providing an affidavit of merit, but the clear intent of the statute is that an "objective" person should attest to the merit of a plaintiff's claims. The statute does disqualify affiants with a financial interest in the case. The New Jersey Appellate Division briefly addressed this issue in Cornblatt v. Barow, 303 N.J. Super. 81, 89-90 (App. Div. 1997), overruled on other grounds, 153 N.J. 218 (1998). In Cornblatt, the attorney who provided the affidavit of merit had represented the plaintiff in the underlying matter, and while she did not have a direct financial interest in the case, the court noted that it "questioned" whether the attorney was an "appropriate neutral person" because of interest in recovering attorney's fees associated with the underlying matter. The court did not decide the issue, however, because it determined that the plaintiff there was not required to submit an affidavit of merit.

The Court heard oral arguments from both parties regarding Plaintiff's relationship Mr. Silverman. Plaintiff admits that he was employed by Mr. Silverman for a brief period of time, and denies the rest of Defendants' allegations. Plaintiff stated that he previously worked out of

office space in the same building as Mr. Silverman's law firm, but denied that Mr. Silverman was ever his landlord or co-habitant. Plaintiff stated that, to his knowledge, Mr. Silverman was not a potential fact witness in his criminal case and denied that Mr. Silverman has ever provided him with legal representation.

Defendants speculate that Mr Silverman may have a financial interest in this case because according to Defendant Tacopina, Mr. Silverman offered to pay him $7,000 of Plaintiff's legal fees. Plaintiff denied knowledge of Mr Silverman's offer, but stated Mr. Silverman might have made this offer because Mr. Silverman owed Plaintiff money for work he had previously performed for Mr. Silverman. Mr. Silverman never paid the $7,000 or any money on behalf of Plaintiff. Mr. Silverman attests in both of his affidavits that he has no direct or indirect financial interest in the outcome of this case.

Accepting Plaintiff's representations as true, which the Court must do at this stage, the Court finds that Defendants have not demonstrated that Mr. Silverman's relationship with Plaintiff precludes him from providing an objective evaluation of Plaintiff's claims. The AOM Statute surely does not require Plaintiff to obtain an affidavit of merit from a complete stranger, and the Court finds that a brief professional relationship with Plaintiff does not disqualify Mr. Silverman as an appropriate licensed person. In addition, the Court finds there is no evidence that Mr. Silverman has a financial interest in the outcome of the case. Defendants' motion is denied.

**NOT FOR PUBLICATION**

**CONCLUSION**

It is on this 22nd day of January, 2005:

ORDERED that Defendants' motion to dismiss is DENIED. The Court finds that there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation and grants the parties permission to seek review from the Third Circuit pursuant to 28 U.S.C. § 1292.

**/s/William H. Walls, U.S.D.J.**